IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL BISPING,

                              Plaintiff,

        v.

MAYO CLINIC HEALTH SYSTEMS, JOHN
MERFEILD, MD, CYNTHIA B. WHITE, MD, EVAN
SMALL, MD, FRANCENE BLACK, MD, KATRIN M.
TSIGONIS, MD, DR. KRISTEN FREIER, GABRIEL L.
MARSH, MD, GUNDERSON LUTHERAN MEDICAL
CENTER, BRUCE HARMS, MD, INJURED
PATIENTS & FAMILIES COMPENSATION FUND,
JAMES MALONEY, MD, and SCOTT SPRINGMAN,
MD,

                              Defendants.

OPINION and ORDER

23-cv-255-wmc

---

    Pro se plaintiff Daniel Bisping contends that certain health care providers violated his

constitutional and state-law rights. Because Bisping proceeds in forma pauperis, I must screen

the complaint under 28 U.S.C. § 1915 and dismiss any portion of the complaint that is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money

damages from an immune defendant. I must accept the complaint's allegations as true and

construe them generously, holding the complaint to a less stringent standard than one a lawyer

drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Applying this standard, I will

dismiss this case because Bisping fails to state a federal claim for relief, and this court does not

have subject matter jurisdiction over his state-law claims.

ANALYSIS

Bisping is suing three groups of defendants: University of Wisconsin Hospital (UW Health) health care professionals, the Mayo Clinic Health System and health care professionals at that facility, and Gunderson Health System Hospitals and Clinics health care professionals. He is also suing the Injured Patients & Families Compensation Fund. Bisping contends that at each facility the care providers committed crimes against him, withheld or destroyed his medical records, or committed medical malpractice.

I understand Bisping to be suing defendants under 42 U.S.C. § 1983, but to succeed on constitutional claims under that statute, the defendants must have acted "under color of state law." *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). None of the defendants who were working at Mayo Clinic Health System or Gunderson Health System are state actors, so Bisping's Fourteenth Amendment claims against those two groups of defendants fail at the outset because they are not subject to suit under § 1983.

Depending on the nature of their employment, the UW Health defendants could qualify as state actors. *See Kreger-Mueller v. Shiner*, No. 18-cv-708-jdp, 2020 WL 429448, at *2 (W.D. Wis. Jan. 28, 2020) (assuming for screening purposes that UW Health providers were either state employees or acting under color of state law). But Bisping does not allege that any of the individual defendants was responsible for either refusing to comply with his requests for medical records or destroying his records. Bisping's conclusory assertion that records were withheld, destroyed or incomplete does not show that any of the individual defendants violated his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (under Federal Rule of Civil Procedure 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").

2

Regardless, any mismanagement of Bisping's medical records by UW Health employees does not state a claim under the Constitution. The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. XIV, § 1. To state a procedural due process claim, a plaintiff must allege the deprivation of a cognizable liberty or property interest. *See Cheli v. Taylorville Comm. Sch. Dist.*, 986 F.3d 1035, 1038–39 (7th Cir. 2021). State law may create liberty and property interests, but state procedural protections do not alone give rise to federal due process interests. *Lavite v. Dunstan*, 932 F.3d 1020, 1033 (7th Cir. 2019). Usually, "failure to follow state statutes or state-mandated procedures does not amount to a federal due process claim of constitutional magnitude." *Dietchweiler by Dietchweiler v. Lucas*, 827 F.3d 622, 629 (7th Cir. 2016). Purely procedural rules of state law "give rise to constitutionally protected interests only when the mandated procedure contains within it a *substantive* liberty or property interest." *Manley v. Law*, 889 F.3d 885, 893 (7th Cir. 2018) (emphasis in original).

In Wisconsin, patients may request copies of their medical records under the procedures set forth in Wis. Stat. § 146.83, but that statute does not create a property interest in access to medical records. Likewise, although the Health Insurance Portability and Accountability Act (HIPAA) provides that patients should receive a copy of their medical records upon request, individuals cannot sue to enforce their rights under HIPAA, nor does HIPAA create an enforceable constitutional right. *See Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010). So, even assuming that the UW Health defendants are subject to suit under § 1983, Bisping does not state a federal claim against them for mishandling his records requests.

Bisping also contends that defendants committed crimes. There is no private cause of action to sue in federal court for violation of criminal statutes, and this court cannot initiate federal criminal proceedings. *See Gartner v. Harvard Univ.*, No. 21-cv-503-wmc, 2023 WL 2163083, at *5 (W.D. Wis. Feb. 22, 2023).

Bisping also contends that all defendants violated his state-law rights by committing medical malpractice. District courts have subject matter jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). This statute requires "complete diversity of citizenship." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Id.* (emphasis in original). This court does not have diversity jurisdiction over this case because both Bisping and many of the UW Health and Gunderson Health System defendants are Wisconsin citizens.

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But I cannot conceive of a scenario in which he would be able to state a federal claim against any of the defendants, or in which he could amend his complaint to proceed with his state-law claims in federal court. So, I will dismiss Bisping's federal claims with prejudice for failure to state a claim, and I will dismiss his state-law claims without prejudice for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that:

1. Plaintiff Daniel Bisping is DENIED leave to proceed in this case.

4

2. Plaintifff's federal claims are DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

3. Plaintiff's state-law claims are DISMISSED without prejudice for lack of subject matter jurisdiction.

4. The clerk of court is directed to enter judgment accordingly and send plaintiff a copy of this order.

Entered May 24, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge